UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00044-RJC

| | | |
|---|---|---|
| CHRISTINA OETTING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Order** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorney Fees. (DE 17). For the reasons stated herein, the Court will grant the motion in part and deny in part.

After Plaintiff filed her motion for summary judgment, (DE 13), the Commissioner moved to enter a judgment reversing her decision and remanding the case for further administrative proceedings. (DE 14). After consenting to the Commissioner's reversal and remand motion, Plaintiff filed the instant motion for attorney fees. Plaintiff argues she is entitled to $9,580.77 in attorney fees for 42.99 hours of work. (DE 18). The Commissioner agrees that attorney fees and costs are warranted. (DE 20). However, the Commissioner argues the attorney fees are excessive and requests that the fee be reduced by 29.42 hours, or $6,552.58. (*Id.* at 6). The relevant time entries are reproduced below.[1] (DE 18-2).

| | | |
|---|---|---|
| 11/8/2021 | Reviewed alj decision, merit memo, set up medical index and begin file reviw and analysis and synopsis of medical records in preparation of argument. | 6.5 DS |
| 11/9/2021 | Reviewing and analyzing and synopsizing medical records in preparation for making argument | 6.82 DS |
| 11/10/2021 | Reviewing medical records, analysis and synopsis of same in light of argument | 7.32 DS |
| 11/12/2021 | Finish review, synsopsis, analysis of medical and administrative records, review of administrative records and beginning work on outline of arguments | 6.5 DS |

---

[1] Typos in the time entries are reproduced in their entirety.

The Commissioner argues that the time entries from November 8-10 and 11 should be reduced in half because time spent working on a medical index and synopsizing medical records is non-compensable. (DE 20).

Turning to the medical index issue, in the Western District of North Carolina it has repeatedly been decided that preparing a medical index is a non-compensable clerical task. *See Mullis v. Kijakazi*, No. 3:20-cv-00083-MR, 2021 WL 4391879, at *3 (W.D.N.C. Sept. 24, 2021) (finding that the preparation of the medical index is a "superfluous, 'clerical task, which is not compensable.'"); *Marler v. Saul*, No. 3:20-cv-00035-KDB, 2021 WL 2652949, at *2 (W.D.N.C. June 28, 2021) (same); *Hooper v. Saul*, No. 3:20-cv-00074-FDW, 2021 WL 2188240, at *2 (W.D.N.C. May 28, 2021) (same). Here, the November 8 entry is block billed and includes time spent "set[ting] up medical index," along with other tasks. The November 9, 10, and 12 entries include time spent "reviewing," "analyzing," and "synopsizing" the medical records for arguments in the brief. This is separate from setting up the medical index and includes compensable attorney work reviewing the medical records for legal arguments. Thus, only the November 8 entry includes non-compensable time. Because the November 8 entry is block billed and the Court cannot determine the exact amount of time spent on the medical index, it will reduce the total hours for that entry by half (from 6.5 hours to 3.25 hours).

As the billing rate for "DS" on the November 8 time entry was $223.14 and the Court reduced the hours from 6.5 hours to 3.25 hours, the total reduction in fees is $725.21 ($223.14 x 3.25 hours). Thus, the total attorney fees Plaintiff is entitled to is $8,855.56 ($9,580.77 minus $725.21).

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for attorney fees is **GRANTED**

2

**in part** and **DENIED in part**.  In particular, it is **DENIED** as to $9,580.77 in attorney fees for 42.99 hours of work and is **GRANTED** as to $8,855.56 in attorney fees for 39.74 hours of work.

**SO ORDERED**.

Signed: August 8, 2022

Robert J. Conrad, Jr.
United States District Judge